IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICK M. CURRY,

        CASE NO. 2:17-CV-114

   Petitioner,        Judge Michael H. Watson
        Chief Magistrate Judge Elizabeth P. Deavers

   v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION

   Respondent.


**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Answer* (ECF No. 7), Petitioner's *Reply* (ECF No. 8), and the exhibits filed by the parties. For the following reasons, the Magistrate Judge recommends that the *Petition* be **DENIED** and that this action be **DISMISSED**.

**I.   Facts and Procedural History**

   **A.   The State Court Conviction**

The state appellate court summarized a number of the relevant facts and procedural history as follows:

> [Petitioner] followed an adult female victim shopping in a Wal-Mart in Muskingum County, Ohio, throughout the store. The victim briefly returned to her car to put packages inside and returned to the store.
>
> . . . [Petitioner] was videotaped attempting to enter the victim's car while wearing a pair of black gloves.
>
> . . . [Petitioner] then followed the victim back into the store, grabbed the victim, and sexually assaulted her. The victim called her husband and police. A witness

> provided police with a description of the man observed following the victim throughout the store. A second witness identified [Petitioner] as the assailant because the witness knew him.
>
> . . . Police went to [Petitioner's] house and found him wearing the same clothing as the described Wal-Mart assailant. Black gloves were found in [Petitioner's] car. [Petitioner] first denied committing the assault and claimed he came straight home from work. During an interview and on subsequent jail phone calls, however, [Petitioner] admitted committing the assault, said police "should lock him up and throw away the key," and admitted faking "amnesia."
>
> . . . At the plea hearing, [the prosecution] also described [Petitioner's] violent sexual history including past convictions for aggravated assault, multiple counts of burglary, and kidnapping, all with sexual motivations.
>
> . . . [Petitioner] was charged by indictment with one count of forcible rape pursuant to R.C. 2907.02(A)(2), a felony of the first degree [Count I]; one count of gross sexual imposition pursuant to R .C. 2907.05(A)(1), a felony of the fourth degree [Count II]; and one count of attempted kidnapping pursuant to R.C. 2905.01(A)(4) and 2923.02(A), a felony of the second degree [Count III]. Count I included a sexually-violent predator specification and a repeat violent offender specification. Count III included those specifications and also a sexual-motivation specification.

*State v. Curry*, Case No. CT2015–0005, 2016 WL 529239, at * 1 (Ohio Ct. App. Jan. 29, 2016).

Petitioner pleaded not guilty to the charges and moved for a change of venue. (ECF No. 7–1, at PAGE ID ## 95–96, 97–101.) The prosecution orally opposed the motion for a change of venue and the state trial court determined that it would hold the motion in abeyance until after efforts were made to select a jury. (*Id.*, at PAGE ID # 102.)

The state appellate court described the procedural history that next occurred.

> On October 27, 2014, [Petitioner] withdrew his previously-entered pleas of not guilty and entered a negotiated plea to Count I, forcible rape. In exchange for [Petitioner's] guilty plea, [the prosecution] dismissed the specifications to Count I along with Counts II and III in their entirety. The trial court imposed the jointly-recommended prison sentence of 10 years.

*State v. Curry*, 2016 WL 529239, at * 1. The state trial court sentenced Petitioner on November 3, 2014. (ECF No. 7–1, at PAGE ID # 280.) Petitioner did not appeal that judgment to the state appellate court before the 30-day deadline to do so expired.

### B. Motion to Withdraw Guilty Plea

On December 17, 2014, Petitioner filed a *pro se* motion seeking to withdraw his guilty plea. (*Id*., at PAGE ID ## 131–36.) On February 13, 2015, the state trial court denied that motion. (*Id*., at PAGE ID # 141.) Petitioner did not appeal that judgment.

### C. Petition for Post-conviction Relief

Petitioner subsequently filed a *pro se* petition for post-conviction relief under Ohio Revised Code § 2953.21, alleging that he received ineffective assistance of trial counsel. (ECF No. 10–1, at PAGE ID ## 350–57.) The state trial court denied the motion, but Petitioner did not appeal that determination. (ECF No. 7–1, at PAGE ID # 164.)

### D. Delayed Direct Appeal and Rule 26(B) Application

On February 11, 2015, Petitioner successfully moved for leave to file a delayed direct appeal of his November 3, 2014, conviction and sentence. (*Id*., at PAGE ID ## 171–76, 195.) In that appeal, Petitioner's appointed appellate counsel alleged that "the state trial court erred in accepting [Petitioner's] plea of guilty as it was not made voluntarily." *State v. Curry*, 2016 WL 529239, at * 1. On January 29, 2016, the state appellate court overruled that assignment of error and affirmed the decision of the state trial court. *Id*. at *3. Petitioner did not appeal that judgment to the Ohio Supreme Court before the 45-day deadline to do so expired.

On April 15, 2016, Petitioner filed a *pro se* application to re-open his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, alleging that he had received ineffective assistance of appellate counsel. (ECF No. 7–1, at PAGE ID ## 228–248.) On May 23, 2016, the state appellate court denied the Rule 26(B) application. (*Id*., at PAGE ID ## 253–57.) Although Petitioner subsequently filed a Reply in support of his Rule 26(B) application, he

never appealed the appellate court's May 23, 2016 ruling to the Ohio Supreme Court. (*Id*., at PAGE ID ## 258–62.)

On October 14, 2016, Petitioner moved the Ohio Supreme Court for leave to file a delayed appeal of the state appellate court's January 29, 2016, decision denying his delayed direct appeal. (*Id*., at PAGE ID ## 263–76.) On December 14, 2016, the Ohio Supreme Court denied Petitioner's motion and dismissed the case. (*Id*., at PAGE ID # 277.)

### E.     Federal Habeas Action

On February 7, 2017, Petitioner executed his *Petition*. (ECF No. 1, at PAGE ID # 15.) In it, Petitioner alleges that his constitutional rights were violated because his conviction was against the manifest weight of the evidence (Ground Two). Petitioner also alleges that his guilty plea was not knowing and voluntary because he received the ineffective assistance of trial counsel (Ground Four). (*Id*., at PAGE ID # 11; ECF No. 8, at PAGE ID # 345.) Petitioner contends that trial counsel was ineffective because trial counsel did the following:

1. failed to review alleged security camera footage with Petitioner;
2. failed to cross-examine or interview potential jail-house informants;
3. failed to interview Petitioner's spouse about Petitioner's character;
4. failed to contest the charge of rape on the record;
5. failed to request a change of venue;[1]
6. failed to diligently pursue any line of defense;
7. failed to dispute or request discovery of Petitioner's allegedly incriminating jail-house phone calls;
8. failed to request any examination of the alleged victim;
9. failed to request discovery from the prosecution;
10. failed to interview the alleged victim or any potential witnesses;
11. pressured Petitioner to "take a deal" to avoid a potential term of 25 years to life;
12. incorrectly advised Petitioner that there is more than one definition of rape in Ohio;
13. failed to address the issue of conflict of interest, as the prosecutor worked in the same office as the victim's husband.

---

[1] Petitioner made this same assertion— that trial counsel was ineffective for failing to move for a change of venue— in Ground One. (ECF No. 1, at PAGE ID # 6.)

(Ground Three) (ECF No. 1, at PAGE ID # 9.) Petitioner further contends that he received ineffective assistance of appellate counsel because appellate counsel failed to raise more than a single assignment of error; failed to communicate with Petitioner about his defense; and failed to include Petitioner's claims in his delayed direct appeal (Ground Three). (*Id*., at PAGE ID # 10.) Respondent asserts that Petitioner's claims should be dismissed. The Magistrate Judge agrees.

## II.     Law and Analysis

### A.     Petitioner's Manifest Weight Claim is Not Cognizable

Petitioner's manifest weight claim (Ground Two) fails to provide a basis for federal habeas relief. *See Norton v. Sloan*, No. 1:16–cv–854, 2017 WL 525561, at *5 (N.D. Ohio Feb. 9, 2017) (citing *Ross v. Pineda*, No. 3:10–cv–391, 2011 WL 1337102, at *3 (S.D. Ohio)) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law."); *see also Taylor v. Warden, Lebanon Corr. Inst.*, 2017 WL 1163858, at *10–11 (S.D. Ohio March 29, 2017) (same) (citations omitted). Under Ohio law, a claim that a verdict was against the manifest weight of the evidence, as opposed to one based upon insufficient evidence, requires the appellate court to act as a "thirteenth juror" and review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31, 38 (1982). Because a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, Petitioner's claim that his convictions were against the manifest weight of the evidence is not cognizable in a federal habeas action.

### B. Petitioner's Other Claims are Procedurally Defaulted

The Magistrate Judge concludes that Petitioner's other claims— that he received ineffective assistance of trial and appellate counsel (Grounds One and Three) and that his plea was not knowing and voluntary (Ground Four)— are procedurally barred.

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). Nevertheless, in recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims must first present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to present his claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6, 8 (1982) (*per curiam*) (citing *Picard v. Connor,* 404 U.S. 270, 275–78 (1971)). In addition, federal courts will not consider the merits of procedurally defaulted claims unless a petitioner demonstrates cause for the default and resulting prejudice, or where failure to review the claim would result in a fundamental miscarriage of justice because a constitutional violation probably resulted in the conviction of someone who is actually innocent of the substantive offense. *Lundgren v. Mitchell*, 440 F. 3d 754, 763 (6th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 749 (1991)); *Dretke v. Haley,* 541 U.S. 386, 392 (2004) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

"A claim may be procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)). First, a claim will be procedurally defaulted where a petitioner fails to raise and pursue a claim through

the state's "ordinary appellate review procedures." *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009) (citing *Williams*, 460 F. 3d 806)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 846–47 (1999)). Thus, a petitioner must "'obtain consideration of a claim by a state courts . . . while state-court remedies are still available.'" *Lundgren*, 440 F. 3d at 763 (quoting *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). If, at the time the petition is filed, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *see also Coleman*, 501 U.S. at 735 n.1 (1991); *Lovins*, 712 F.3d at 295 ("a claim is procedurally defaulted where the petitioner failed to exhaust state-court remedies, and the remedies are no longer available at the time the federal habeas petition is filed because of a state procedural rule.")

Second, a claim may be procedurally defaulted if state-court remedies have been exhausted but the last reasoned state-court judgment declines to reach the merits of the claim because of a petitioner's failure to comply with a state procedural rule. *Lovins*, 712 F.3d at 295; *Lundgren*, 440 F. 3d at 763. In such circumstances, courts in the Sixth Circuit engage in a four-part analysis described in *Maupin v. Smith* 785 F.2d 135, 138 (6th Cir. 1986). The court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her

7

claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. *Id.*

1. Ineffective Assistance of Trial Counsel Claims

The Magistrate Judge finds that Petitioner's ineffective assistance of trial counsel claims are procedurally barred. A number of those claims would have appeared on the record. Specifically, claims based on the following alleged actions by trial counsel would have appeared on the record:

- failed to contest the charge of rape on the record;
- failed to request a change of venue;[2]
- failed to dispute or request discovery of Petitioner's allegedly incriminating jail-house phone calls;
- failed to request discovery from the prosecution.[3]

The record reveals that Petitioner was represented by different counsel in his delayed direct appeal than he was at trial. When a defendant is represented by a different lawyer on direct appeal, ineffective assistance of trial counsel claims that appear on the face of the record must be raised in a direct appeal, or they will be waived under Ohio's doctrine of *res judicata. Van Hook v. Anderson*, 127 F. Supp.2d 899, 913 (S.D. Ohio 2001) (citing *State v. Perry,* 10 Ohio St.2d 175 (1967)). Such are the circumstances here. Petitioner did not raise his record-based ineffective assistance of trial counsel claims in his delayed direct appeal. Therefore, they are barred by

---

[2] Although Petitioner alleges that trial counsel was ineffective for failing to move for a change of venue, the record reveals that trial counsel did, in fact, make such a motion. (ECF No. 7–1, at PAGE ID ## 97–101.) Thus, the Magistrate Judge alternatively concludes that this claim would fail on the merits because petitioner would not be able to demonstrate that trial counsel's performance was deficient under the performance prong of the two-part test for counsel effectiveness announced in *Strickland v. Washington*, 466 U.S. 668 (1984).

[3] These allegations correspond to sub-claims 4, 5, 7, 8, and 9 in Ground Three of the *Petition*. (ECF No. 1, at PAGE ID # 9.)

Ohio's doctrine of *res judicata*, which is an independent and adequate state ground for denying federal habeas relief. *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001)

Petitioner's remaining ineffective assistance of trial counsel claims would have been based on evidence outside the record. Specifically, claims based on the following alleged actions by trial counsel would have been based on evidence outside the record:

- failed to review alleged security camera footage with Petitioner;
- failed to cross-examine or interview potential jail-house informants;
- failed to interview Petitioner's spouse about his character;
- failed to diligently pursue any line of defense;
- failed to interview the alleged victim or any potential witnesses;
- pressured Petitioner to "take a deal" to avoid a potential term of 25 years to life;
- incorrectly advised Petitioner that there is more than one definition of rape in Ohio;
- failed to address the issue of conflict of interest, as the prosecutor worked in the same office as the victim's husband.[4]

Under Ohio law, claims that do not appear on the face of the record must be brought in a post-conviction petition under Ohio Revised Code § 2953.21. *State v. Cole,* 2 Ohio St. 3d 112, 113 (1982). And indeed, Petitioner raised all of these outside-the-record claims in a post-conviction petition. (ECF No. 10–1, at PAGE ID ## 350–366.) Nevertheless, the trial court denied that post-conviction petition, and Petitioner failed to appeal that determination to the state appellate court. Petitioner can no longer do so because Ohio does not permit delayed appeals in post-conviction proceedings; that constitutes an adequate and independent state ground to deny relief. *Nesser v. Wolfe*, 370 Fed. App'x. 665, 670 (6th Cir. 2010) (citing *Stojetz v. Ishee*, 389 F. Supp. 2d 858, 885–86 (S.D. Ohio 2005) (citing *State v. Nichols*, 11 Ohio St. 3d 40, 42 (Ohio 1984)). Accordingly, all of these outside-the-record claims are also procedurally barred.

---

[4] These allegations correspond to sub-claims 1, 2, 3, 6, 10, 11, 12, and 13 in Ground Three of the *Petition*. (ECF No. 1, at PAGE ID # 9.)

## 2. Ineffective Assistance of Appellate Counsel Claims

The Magistrate Judge further concludes that Petitioner's ineffective assistance of appellate counsel claims are procedurally barred. Under Ohio law, such claims can only be made by filing an application to re-open a direct appeal in the court of appeals within 90 days of the journalization of that court's judgment pursuant to Ohio R. App. P. 26(B). *Van Hook* 127 F. Supp. 2d at 913. Petitioner filed such an application. He did not, however, appeal the state appellate court's denial of his Rule 26(B) application to the Ohio Supreme Court. Accordingly, his ineffective assistance of appellate counsel claims are procedurally defaulted because Petitioner "did not give the Ohio Supreme Court a full of fair opportunity to rule on [them]." *Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) (finding that an Ohio petitioner's ineffective assistance of appellate counsel claim was procedurally defaulted where petitioner failed to appeal denial of a Rule 26(B) application to the Ohio Supreme Court).

## 3. The Plea Was Not Voluntary or Knowing

In Ground Four, Petitioner contend that his plea was not voluntary or knowing because he received ineffective assistance of trial counsel. This claim is also procedurally barred. The procedural default analysis includes the requirement that a federal constitutional claim be "fairly presented" to the state courts. "A petitioner 'fairly presents' the 'substance of his federal habeas corpus claim' when the state courts are afforded sufficient notice and a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim." *Cowans v. Bagley*, 236 F.Supp.2d 841, 857 (S.D. Ohio 2002) (quoting *Anderson*, 459 U.S. at 6). Conversely, "a petitioner does not fairly present a claim if he presents an issue to the state courts under one legal theory, and then presents the issue to the federal courts under a different legal theory . . . . [r]ather, he must present to the federal court essentially the same facts and legal

theories that were considered and rejected by the state courts." *Id.* (citing *Lorraine v. Cole*, 291 F.3d 416, 425 (6th Cir. 2002)).

In his delayed direct appeal in the state appellate court, Petitioner asserted that his plea was not voluntary or knowing because the state trial court had failed to ascertain whether he had voluntarily agreed to plead guilty to the joint sentencing recommendation in his plea agreement. (ECF No. 7–1, at PAGE ID ## 200–03.) He did not, however, complain about trial counsel's performance or indicate that his plea was involuntary because trial counsel was ineffective. (*Id.*) Because Petitioner never raised this particular claim about the voluntariness of his plea in his direct appeal, it was never fairly presented to the state courts. Therefore, it is procedurally barred.

4. Petitioner Does Not Demonstrate Cause and Prejudice

Petitioner points to nothing in the record that constitutes cause to excuse his defaults. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[,] '. . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule.'" *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). It is Petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).

Petitioner contends that his appellate counsel's ineffectiveness constitutes cause to excuse the default of his other claims. As previously explained, however, Petitioner failed to appeal the state appellate court's denial of his Rule 26(B) application to the Ohio Supreme Court. For that reason, his ineffective assistance of appellate counsel claims are procedurally barred, and thus, they cannot serve as cause for the default of another claim. *See Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000) (holding that an ineffective assistance of counsel claim may constitute a cause for procedural default only when that claim has been presented to the state courts and is not itself procedurally defaulted); *Carter*, 693 F.3d at 565 (finding that an Ohio petitioner's ineffective assistance of appellate counsel claim was procedurally defaulted and could not constitute cause to excuse the default of other grounds). Moreover, Petitioner does not allege that he had cause to excuse the default of his ineffective assistance of appellate counsel claims. Specifically, he does not allege why he failed to appeal the denial of his Rule 26(B) application.

### III. Recommended Disposition

For the reasons described above, the Magistrate Judge **RECOMMENDS** that the petition be **DENIED**, and this action be **DISMISSED.**

### IV. Procedure on Objections

If any party objects to this *Report and Recommendation* ("R&R"), that party may, within fourteen days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the R&R or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have a District Judge review the R&R *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**DATE: July 8, 2019**       */s/ Elizabeth A. Preston Deavers*
                             **ELIZABETH A. PRESTON DEAVERS**
                             **UNITED STATES MAGISTRATE JUDGE**